**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 15-cv-01559-MSK

SCOTT SAX, and
MICHAEL COLLINS,

    Plaintiffs,

v.

FIRST CHOICE LOAN SERVICES, INC.,

    Defendant.

_____

**OPINION AND ORDER REMANDING ACTION**
_____

    **THIS MATTER** comes before the Court *sua sponte*.

    The Plaintiffs commenced this action in the Colorado District Court for Arapahoe County, alleging common-law claims sounding in breach of contract and fraud, among others, arising exclusively under state law. The dispute arises out of an arrangement by which the Plaintiffs performed services for the Defendant in exchange for compensation determined according to a specific formula. The Plaintiffs contend that the Defendant has failed to correctly apply that formula, and thus, have failed to pay them the appropriate compensation.

    The Defendant removed the action to this Court, citing federal subject-matter jurisdiction arising out of diversity of citizenship pursuant to 28 U.S.C. § 1332. Specifically, the Notice of Removal infers that the Plaintiffs are citizens of Colorado, noting that the Complaint alleges that they "reside in Arapahoe County." 28 U.S.C. § 1332(a)(1) (diversity must exist between "<u>citizens</u> of different states") (emphasis added); *see Siloam Springs Hotel, LLC v. Century Surety*

*Co.*, 781 F.2d 1223m 1238 (10th Cir. 2015) ("An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship," but noting that residence may be suggestive of citizenship).  The Defendant is a citizen of New Jersey.  As to 28 U.S.C. § 1332(a)'s requirement that the amount in controversy exceed $ 75,000, the Notice of Removal states nakedly that this threshold is satisfied "considering the total relief sought by Plaintiffs in this Complaint," without further citation or elaboration.

As the party invoking federal subject-matter jurisdiction, the Defendant bears the burden of establishing the requisite jurisdictional facts under 28 U.S.C. § 1332, and the Court indulges in a presumption <u>against</u> federal jurisdiction.  *Salzer v. SSM Health Care of Oklahoma*, 762 F.3d 1130, 1134 (10th Cir. 2014).  Here, the Defendant has failed to come forward with sufficient allegations of the Plaintiffs' citizenship and the amount in controversy to satisfy the requirements of diversity jurisdiction.  Accordingly, due to lack of federal subject-matter jurisdiction, the Court **REMANDS** the action to the Colorado District Court for Arapahoe County.  The Clerk of the Court shall transmit the record to the Clerk of the court in Arapahoe County, and shall close this case.

Dated this 14th day of October, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge